Charles H. JOHNSON, Plaintiff,

v.

The NORTH CAROLINA STATE HIGHWAY PATROL, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

STATE OF NORTH CAROLINA, et al., Defendants.

Civ. A. Nos. 74–0349–CIV–5, 75–0328–CIV–5.

United States District Court, E. D. North Carolina, Raleigh Division.

Dec. 16, 1980.

Chambers, Stein, Ferguson & Becton, Charlotte, for plaintiff Johnson.

Isaac T. Avery, III, Asst. Atty. Gen., William W. Melvin, Deputy Atty. Gen., Raleigh, N. C., for defendants Highway Patrol, et al.

Ellen K. Wayne, Atty., Federal Enforcement Section, U. S. Dept. of Justice, Civ. Rights Div., Washington, D. C., for the U. S.

## ORDER

DUPREE, Chief Judge.

These actions are before the court for a ruling on a motion to intervene as of right under F.R.Civ.P. 24(a)(2) by two applicants for intervention who seek to represent a class of Indians in this litigation. Because it appears to the court that the requisites for intervention have not been met, the applicants' request for a hearing and motion for leave to intervene are denied.

These cases, as informally consolidated, present a challenge to the employment practices of the North Carolina State Highway Patrol ("the Patrol") on behalf of black and female employees and applicants for employment. After more than five years of discovery, pretrial motions, and extensive negotiation, the parties to the two cases have recently reached agreement on all but one issue in the two cases. A detailed consent decree has been prepared and submitted for the court's approval which establishes preferential hiring and other relief for qualified black and female applicants. Shortly after the parties' submission of the proposed decree and as a result of publicity generated by its submission, the applicants filed their motion for intervention.

The applicants contend in essence that the reservation of a set number of places for blacks in the Patrol's training school works to diminish the opportunities of Indian applicants and that the entry of the consent decree would be premature without full exploration of the interests of Indians in the Patrol's hiring practices.

Plaintiffs correctly state that an applicant for intervention under F.R.Civ.P. 24(a)(2) must show that (1) he has an interest in the subject of the action, (2) which is impaired by disposition of the action; (3) that the parties have not adequately represented him, and (4) that the application is timely.

### A. Interest in the Subject Matter.

Plaintiffs have not asserted sufficient interest in the present litigation. Applicant Lumbee Regional Development Association is not a proper plaintiff in this employment discrimination action. More importantly, the applicants have made no showing that discrimination has occurred other than the conclusory allegation regarding applicant Michael W. Chavis. Statistics provided by the United States indicate that on August 13, 1979, the proportion of uniformed Patrol officers who were Indian approximately equalled the proportion of the general population of North Carolina which is Indian and exceeds the proportion of the state's general work force which is Indian. Since 1972, the Patrol has hired Indians as troopers at a rate approximately double the proportion of Indians in the general population. Opposition to Motion to Intervene, at 3, and Attachments. Thus, the applicants have not made a showing of a prima facie case of discrimination nor of any other interest in the subject matter.

### B. Impairment of Interest.

Disposition of these cases by entry of the consent decree and trial of the remaining issue (the validity of the Patrol's height requirement) does not in any way adjudicate the right of any Indian who has suffered or who may in the future suffer unlawful discrimination by reason of the Patrol's employment practices to bring an appropriate action for redress.[1] Female Indians, of course, stand to benefit from the

---

1. Applicants' point that the hiring lists to be established under the proposed consent decree operated to completely exclude male Indians has been well taken, and the parties have amended the characterization of the lists in the decree to remedy this problem.

decree's hiring preference. Male Indians, along with male whites, will have fewer places available while the Patrol remedies personnel practices which "give rise to inferences of discrimination," Consent Decree at 4, but no showing has been made that the Patrol has discriminated or will discriminate against Indians on the basis of their race as a result of this litigation.

C. Adequacy of Representation.

No party has represented the applicants in this litigation.

D. Timeliness of Application.

Applicants contend that they did not learn of any impending injury until notice of the proposed consent decree was published and it was apparent that the decree did not provide a hiring plan for Indians. Applicants do not assert that they did not know of the pendency of this litigation during the past five years. While awareness that their interests "would no longer be protected" by the parties, rather than simple awareness of the litigation, is the relevant consideration in evaluating timeliness, see United Air Lines, Inc. v. McDonald, 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977), other factors militate against a finding that the application is timely.

A second important factor in evaluating the timeliness of a motion to intervene is the prejudice to the applicants that will occur if intervention is denied. See generally, Stallworth v. Monsanto Co., 558 F.2d 257, 265–66 (5th Cir. 1977). The court finds little, if any, such prejudice in this case. No presently existing or future right of action on the part of any Indian is foreclosed by the consent decree.

Finally, though more relevant to a determination of permissive intervention under Rule 24(b) than of intervention as of right under Rule 24(a)(2), see Culbreath v. Dukakis, 630 F.2d 15, (1st Cir. 1980); Stallworth, supra, 558 F.2d at 264, the court notes the prejudice to the existing parties that would occur should intervention be allowed. The parties have engaged in extensive discovery and negotiation resulting in the proposed decree. Plaintiffs' relief has been delayed for five years while this litigation has unfolded. See Schaulis v. C.T.B./McGraw-Hill, Inc., 496 F.Supp. 666 (N.D.Cal.1980).

Because applicants have no substantial interest in this litigation and because their rights are not prejudiced by its impending resolution, the motion to intervene is denied.

SO ORDERED.